UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MELISSA S.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:20-cv-320 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Melissa S., on April 16, 2020. For the following reasons, the court **RECOMMENDS** that the decision of the Commissioner be **REMANDED**.

*Background*

The plaintiff, Melissa S., filed an application for Disability Insurance Benefits on January 18, 2017, alleging a disability onset date of December 1, 2016. (Tr. 10). The claim was denied initially on June 20, 2017, and upon reconsideration on October 10, 2017. (Tr. 10). On October 21, 2017, Melissa S. filed a written request for a hearing pursuant to 20 CFR § 404.929. (Tr. 10). The hearing was held on October 31, 2018, before Administrative Law Judge Kathleen Fischer. (Tr. 10). Vocational Expert (VE) Cortney Stiles appeared at the hearing. (Tr. 10). On February 27, 2019, the ALJ issued an unfavorable decision. (Tr. 10-21). Melissa S. then filed this petition for judicial review on April 16, 2020.

At step one of the five-step sequential analysis for determining whether an individual is

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

disabled, the ALJ found that Melissa S. had not engaged in substantial gainful activity since December 1, 2016, the alleged onset date. (Tr. 12).

At step two, the ALJ determined that Melissa S. had the following severe impairments: migraine headaches; obesity; chronic kidney disease; depression; and generalized kidney disorder. (Tr. 12). The ALJ found that Melissa S.'s severe impairments significantly limited her ability to perform basic work activities. (Tr. 12). The ALJ also found that Melissa S. had the nonsevere impairments of hypothyroidism and left knee pain. (Tr. 12).

At step three, the ALJ concluded that Melissa S. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13). The ALJ considered whether the severity of Melissa S.'s mental impairments met or medically equaled the criteria of Listings 1.02, 1.04, 12.08, or 112.15. (Tr. 14). The ALJ considered the paragraph B criteria for mental impairments, which required at least one extreme or two marked limitations in a broad area of functioning which include:

> understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing themselves.

(Tr. 13-14). The ALJ indicated that a marked limitation meant the ability to function independently, appropriately, effectively, and on a sustained basis was seriously limited, while an extreme limitation was the inability to function independently, appropriately, or effectively, and on a sustained basis. (Tr. 14). The ALJ found that Melissa S. had mild limitation in understanding, remembering, or applying information; a moderate limitation interacting with others; a moderate limitation concentrating, persisting, or maintaining pace; and a mild limitation adapting or managing herself. (Tr. 14-15). Because Melissa S.'s mental impairments did not

cause at least two "marked" limitations or one "extreme" limitation, the ALJ determined that the paragraph B criteria were not satisfied. (Tr. 13).

At step three, the ALJ concluded that Melissa S. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 13).

After consideration of the entire record, the ALJ then assessed Melissa S.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant must avoid concentrated exposure to the extreme cold, extreme heat, humidity, noise, fumes, odors, dusts, gases, areas with poor ventilation, and hazardous conditions. The claimant cannot work at heights. Claimant is limited to simple tasks in a non-public work environment. Claimant can have occasional contact with co-workers and supervisors.

(Tr. 15). The ALJ explained that in considering Melissa S.'s symptoms she followed a two-step process. (Tr. 16). First, she determined whether there was an underlying physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could be expected to produce Melissa S.'s pain or other symptoms. (Tr. 16). Then she evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Melissa S.'s functioning. (Tr. 16).

After considering the evidence, the ALJ found that Melissa S.'s medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (Tr. 16). However, the ALJ concluded that Melissa S.'s statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 16).

At step four, the ALJ determined that Melissa S. had been unable to perform any past

relevant work. (Tr. 20).   Considering Melissa S.'s age, education, work experience, and RFC, the ALJ concluded that there were jobs that existed in significant numbers in the national economy that she could have performed,  including electronic worker (41,000 jobs nationally), inspector and hand packager (337,000 jobs nationally), and shipping and receiving weigher (80,000 jobs nationally).  (Tr. 21).  The ALJ found that Melissa S. was not under a disability within the meaning of the Social Security Act from December 1, 2016 through February 27, 2019, the date of the unfavorable decision. (Tr. 21).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence.  **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive"); **Moore v. Colvin**, 743 F.3d 1118, 1120–21 (7th Cir. 2014); **Bates v. Colvin**, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence").  Courts have defined substantial evidence as such relevant "evidence as a reasonable mind might accept to support such a conclusion."  **Zoch v. Saul**, 2020 WL 6883424, at *3 (7th Cir. Nov. 24, 2020); **Biestek v. Berryhill**, 139 S. Ct. 1148, 1154 (2019); **Bates**, 736 F.3d at 1098.  A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law.  **Roddy v. Astrue**, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted).  However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." **Lopez ex rel Lopez v. Barnhart**, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. § 404.1520**. The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. § 404.1520(b)**. If she is, the claimant is not disabled and the evaluation process is over. If she is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c)**; *see* ***Williams v. Colvin***, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of her past work. If, at this fourth step, the claimant can perform her past relevant work, she will be found not disabled. **20 C.F.R. § 404.1520(e)**. However, if the claimant shows that her impairment is so severe that she is unable to engage in her past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of her age, education, job experience, and functional capacity to work, is capable of performing

other work and that such work exists in the national economy. **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see* ***Biestek v. Berryhill,*** 139 S. Ct. 1148 (2019) (upon the request of a disability benefits applicant, a vocational expert's refusal to provide the private market-survey data underlying her opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Melissa S. has requested that the court remand this matter for additional proceedings, or in the alternative, reverse the ALJ's decision and award benefits. In her appeal, Melissa S. broadly argues that the ALJ's decision is defective because it is based on cherry-picked evidence and lacks an accurate and logical bridge. More specifically, Melissa S. argues that: (1) the state agency opinions were outdated and incomplete; (2) the ALJ erred at the third step because she did not discuss the evidence in light of an applicable listing, she did not properly consider medical equivalence, and she failed to properly consider Melissa S.'s conditions in combination; (3) the RFC fails to substantially set forth Melissa S.'s capabilities; (4) the RFC fails to properly accommodate Melissa S.'s limitations; and (5) the ALJ erred when she rejected Melissa S.'s statements.

First, Melissa S. argues that the ALJ's decision was based on cherry-picked evidence therefore it lacked an accurate and logical bridge. After a review of the ALJ's decision and the briefs, the court finds that there was evidence in the record that the ALJ did not address. For example, the ALJ did not mention Dr. Ryan Bonek, one of Melissa S.'s treating physicians, or his opinion that Melissa S.'s migraines "have prevented her from holding down a job." (Tr. 132). Additionally, the ALJ stated that Melissa S. "visited the TMJ and Sleep Therapy Center of Northern Indiana to see if TMJ could be playing a role in her migraine headaches," but failed to elaborate any further. (Tr. 17). The findings of the clinic included a diagnosis of primary

osteoarthritis. (Tr. 869, 872, 875, 879).

The Commissioner's response brief is a reiteration of the ALJ's decision, offering little argument. As to Melissa S.'s visit to TMJ and Sleep Therapy Center of Northern Indiana, the Commissioner offered no argument other than simply restating that Melissa S. "sought an opinion on whether temporomandibular joint issues could be playing a role in her migraines." Additionally, the Commissioner claims that "an ALJ need only 'minimally articulate' the reasons for discounting a medical opinion, a standard the Seventh Circuit has called 'very deferential' and 'lax.'" (internal citations omitted). However, he does address the omission of Dr. Bonek's opinion. *See* **Herrmann v. Berryhill**, 2017 WL 6523931, at *13 (N.D. Ind. Dec. 20, 2017) (citing **Bonte v. U.S. Bank**, N.A. 624 F.3d 461, 466 (7th Cir. 2010) (finding that the Commissioner's failure to respond to an issue raised by the Claimant results in waiver).

An ALJ must "articulate at some minimal level her analysis of the evidence" and may not "ignore an entire line of evidence that is contrary to [her] findings." **Zurawski v. Halter**, 245 F.3d 881, 887 (7th Cir. 2001); **Suetkamp v. Saul**, 406 F.Supp.3d 715, 719 (N.D. Ind. Aug. 27, 2019). An ALJ "cannot simply cherry-pick facts surrounding a finding of non-disability while ignoring evidence that points to a disability finding." **Reinaas v. Saul**, 953 F.3d 461, 466 (7th Cir. 2020) (finding that the claimant cannot "prevail by arguing that the ALJ improperly weighed the evidence" but can prevail if the "ALJ overlooked entire swaths of it"). Therefore, "an ALJ's decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." 406 F.Supp.3d at 719 (citing **Lopez ex rel. Lopez v. Barnhart**, 336 F.3d 535, 539 (7th Cir. 2003).

First, the ALJ completely overlooked the medical evidence that resulted from Melissa S.'s visits to TMJ & Sleep Therapy Centre of Northern Indiana, which resulted in the new diagnoses of sleep disorder, primary osteoarthritis, jaw pain, and chronic fatigue. (Tr. 872).

Second, the ALJ cherry-picked the medical opinions by failing to address Dr. Bonek's opinion that Melissa S.'s condition prevented her from working. This court agrees that an ALJ is only required to minimally articulate her reasoning for rejecting the opinion of a treating physician. Here, the ALJ did not meet that minimum threshold.

Melissa S. also argues that the ALJ did not address the evidence in the record showing her failed attempts at working. Specifically, Melissa S. and her mother, stated that she "took too many sick days" due to "migraines or severe depression," resulting in her being terminated from prior employment. (Tr. 38, 281, 305, 339). In assessing an individual's ability to work, relevant evidence includes "evidence from attempts to work." **Kniola v. Berryhill**, 2018 WL 1318317, at *5 (N.D. Ind. Mar. 14, 2018) (Cherry, Magistrate Judge); **Social Security Ruling 96-8p**, 1996 WL 374184, at *5; *see also* **Williams-Overstreet v. Astrue**, 364 Fed.Appx. 271, 277 (finding that the ALJ was correct in considering the claimant's part-time work in his assessment of the RFC). The ALJ, nor the Commissioner, addressed the evidence relating to Melissa S.'s attempts to work as required by **SSR 96-8p**.

Melissa S. makes other arguments regarding her subjective symptoms and the RFC. However, because the ALJ erred by ignoring relevant medical evidence, the court need not address the additional arguments at this time. The ALJ will have the opportunity to revisit these other issues on remand.

Based on the foregoing reasons, the court **RECOMMENDS** that the decision of the Commissioner be **REMANDED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this

Recommendation before either the District Court or the Court of Appeals. ***Willis v. Caterpillar, Incorporated***, 199 F.3d 902, 904 (7th Cir. 1999); ***Johnson v. Zema Systems Corporation***, 170 F.3d 734, 739 (7th Cir. 1999); ***Hunger v. Leininger***, 15 F.3d 664, 668 (7th Cir. 1994); ***The Provident Bank v. Manor Steel Corporation***, 882 F.2d 258, 260-61 (7th Cir. 1989); ***United States v. Johnson***, 859 F.2d 1289, 1294 (7th Cir. 1988); ***Lebovitz v. Miller***, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 16th day of March, 2021.

/s/ Andrew P. Rodovich
United States Magistrate Judge