UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MELISSA A. SQUADRONI,

    Plaintiff,

    v.                                                                                           Case No. 3:20-CV-320 JD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

The Court previously remanded this social security appeal to the Commissioner for further proceedings on plaintiff Melissa Squadroni's claim for benefits. The Court also awarded attorney's fees under the Equal Access to Justice Act in the amount of $11,450. On remand, the Commissioner made a fully favorable decision on Ms. Squadroni's claim. Plaintiff's counsel now moves for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $7,018.50, reflecting 25% of Plaintiff's past-due benefits less the fees already received by her counsel under the EAJA (($18,468.50 – $11,450.)

According to the fee agreement, Ms. Squadroni agreed to pay her counsel 25% of all past-due benefits to represent her before the United States District Court. The fee agreement also requires that any fees awarded under the EAJA and under 42 U.S.C. § 406(a) be deducted from any fees awarded under 42 U.S.C. § 406 (b). (*Id.*) The Acting Commissioner who, although she has no direct financial stake in the outcome of this motion but rather "plays a part in the fee determination resembling that of a trustee for the claimants," *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002), agrees with the request.

Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A). Counsel cannot recover fees under both the EAJA and § 406(b), though, so they must either refund the EAJA award or subtract that amount from the § 406(b) request. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (explaining that "an EAJA award offsets an award under Section 406(b)").

The fees awarded under § 406(b) must be reasonable. *Gisbrecht*, 535 U.S. at 809. The Supreme Court has explained:

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered . . .
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

*Id*. at 807–08 (citations and footnotes omitted).

The Court finds the requested fee is reasonable under that standard. Counsel spent 56.4 hours of attorney time on Ms. Squadroni's appeal in this Court. (DE 24-2 at 1.) This results in an hourly rate of about $327 per hour, which does not exceed the range of rates that courts have approved in this context. *See Long v. Saul*, No. 3:19-CV-155 JD, 2021 WL 2588110, at *1 (N.D. Ind. June 24, 2021) (approving a request for attorney's fees of $1,711.96 per hour); *McPeters v. Saul*, No. 4:17-CV-41, 2020 WL 2507935, at *2 (N.D. Ind. May 15, 2020) (approving a request for attorney fees at an effective hourly rate of $1,522.14). Moreover, our sister courts have

approved similar fees. *See, e.g.*, *Kirby v. Berryhill*, No. 14 CV 5936, 2017 WL 5891059, at *2 (N.D. Ill. Nov. 29, 2017) (approving a request for attorney fees at an effective hourly rate of $1,612.28).

Therefore, the Court AWARDS attorney's fees under § 406(b) in the amount of $18,468.50 (DE 26). That amount is then reduced by the previous EAJA fee award ($11,450). The Court ORDERS the Commissioner to pay Counsel $7,018.50 out of the award of past-due benefits. Per counsel's motion, this payment should be paid to the counsel's law office.

SO ORDERED.

ENTERED: October 4, 2022

/s/ JON E. DEGUILIO  
Chief Judge  
United States District Court